**WYANDOTTE CHEMICAL CORPORATION, a Michigan corporation, Plaintiff,**

v.

**CITY OF WYANDOTTE, a municipal corporation of the State of Michigan, Ira J. Kreger, its Treasurer, School District of the City of Wyandotte, a Michigan third-class school district, County of Wayne, a County of the State of Michigan, and Harold E. Stoll, its Treasurer, Defendants.**

Civ. No. 20923.

United States District Court
E. D. Michigan, S. D.

Dec. 1, 1961.

Edward P. Wright, Patrick J. Ledwidge, Detroit, Mich., for plaintiff.

Joseph R. Zanglin, Wyandotte, Mich., Charles A. Swaby, Detroit, Mich., Aloysius J. Suchy, William F. Koney, Detroit, Mich., for defendants.

KAESS, District Judge.

Plaintiff complains that defendants have intentionally discriminated in the assessment and taxation of property, depriving plaintiff of the equal protection of the laws and due process of law guaranteed by the 14th Amendment to the United States Constitution. The alleged discriminatory amount ($119,260.05) is being held by defendant KREGER upon the order of this court, in a separate fund, pending the outcome of this controversy. Defendants have moved to dismiss, alleging lack of jurisdiction and statutory prohibition.

The provision in the 14th Amendment that no state shall deny to any person within its jurisdiction the equal protection of the laws, does not prevent a state from adopting a reasonable system of taxation. No "iron rule of equal taxation" is imposed upon the tax structure of a state. Clear and hostile discrimination against particular persons and classes, however, would be obnoxious to the constitutional prohibition. Bell's Gap Railroad Co. v. Pennsylvania, 134 U.S. 232, 10 S.Ct. 533, 33 L.Ed. 892 (1890); Puget Sound Power & Light Co. et al. v. County of King et al., 264 U.S. 22, 44 S.Ct. 261, 68 L.Ed. 541 (1924).

Plaintiff asserts that Michigan law requires all property, real and personal, be assessed and taxed equally under a uniform rule of taxation—Article X, Section 3, of the Michigan Constitution of 1908. The complaint recites that real property in Wyandotte was assessed at 40% of true value, after depreciation allowance; whereas plaintiff's personal property was assessed at percentages varying from 50% to 100%.

Controversies between industrial taxpayers and Michigan taxing authorities have evidently occurred frequently in the last few years. Litigation concerning the present parties was previously averted in 1958 by an administrative resolution of the Michigan State Tax Commission concerning alleged disparity in property assessment. Evidently whatever "settlement" the parties may have thought they had at the time did not prevent substantially the same type of controversy to occur once more.

We cannot express too strongly our view that this tax question should be answered on the local level. There appears little doubt that Michigan is a "one tax" state according to the Constitution and statutes of the state. See Michigan Statutes Annotated §§ 7.1, 7.24 and 7.27, Comp.Laws 1948, §§ 211.1, 211.24, 211.27. Certainly administrative action should conform with the required law and not arbitrarily carve out a separate class for separate consideration when such is prohibited by specific law.

584

■■ Much as the court would prefer to defer this problem to the state level, it is recognized that the federal court does have jurisdiction over this case as it has been pleaded. Improper execution of the laws through duly constituted agents, which results in arbitrary discrimination of taxable property in the same class, as defined by state law, and thereby taking property without due process of law and failing to give it the equal protection of the law, constitutes a federal question beyond all controversy. Sioux City Bridge Company v. Dakota County, Nebraska, 260 U.S. 441, 43 S.Ct. 190, 67 L.Ed. 340 (1923); Raymond v. Chicago Union Traction Co., 207 U.S. 20, 28 S.Ct. 7, 52 L.Ed. 78 (1907).

■ It should be pointed out that this court is inclined to agree with the defendants that industrial property could reasonably be classified separately and assessed under a different method while conforming to the dictates of equal protection of the laws. Nashville, Chattanooga & St. Louis Railway Co. v. Gordon Browning, 310 U.S. 362, 60 S.Ct. 968, 972, 84 L.Ed. 1254 (1940). However, when the Constitution prohibits such a separate classification, and the statutes do not permit it, and the State Tax Commission has allegedly recognized the requirement of equal treatment, it cannot be said that "settled state practice" has established state law of separate classifications. See Nashville, Chattanooga & St. Louis Railway Co. v. Gordon Browning, supra. One class appears to be recognized and as one class all property shall be treated.

Defendants also assert that this court is prohibited from enjoining the collection of this tax by the operation of 28 U.S.C.A. § 1341, which reads:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

Clearly if plaintiff has available a *plain, speedy and efficient* remedy in the state courts of Michigan, he should not be permitted to plead this case.

First impression would indicate plaintiff has an adequate remedy at law. Section 7.97 of the Michigan Statutes Annotated, Comp.Laws 1948, § 211.53, provides that an aggrieved taxpayer may pay under protest and institute suit within thirty days against the collecting municipal corporation for the recovery of the taxes. However, practical problems with this procedure make it peculiarly inefficient. The plaintiff would attempt to recover a judgment for the full amount, a total approaching one and one-half million, rather than just the disputable amount. The City of Wyandotte would have no funds to pay the entire amount or the disputed amount after a new assessment and could not require the other benefiting units to pay their share of the amount due. In any case, the amount would be raised by a new levy of taxes, of which plaintiff would be required to pay thirty-eight per cent. These complicated gyrations have not been disputed and definitely display the inadequacies, insofar as the present plaintiff is concerned, of the remedies at law.

Defendants claim that in any event, plaintiff could obtain a remedy by way of injunction in the courts of Michigan. Merrill v. Humphrey, Auditor-General, 24 Mich. 170 (1871). However in 1882 a Public Act was passed (now included in Michigan Statutes Annotated § 7.168, Comp.Laws 1948, § 211.114) which reads:

"No injunction shall issue to stay proceedings for the assessment or collection of taxes under this act."

In the face of this statutory prohibition, which remains in effect, Michigan injunction procedures certainly appear inadequate.

■ Therefore, although this would be a matter better resolved by the state through its administrative processes, Federal jurisdiction is appropriate in the matter, as alleged, and there is an inadequate remedy available to the plaintiff in the Michigan courts.

The facts in the complaint were, of course, presumed correct for the purposes of this motion. Final determination on the merits must necessarily await proofs offered at time of trial.

An appropriate order may be presented.