LEMMON, Judge.
This is an appeal by Frances G. Burnette from a decision suspending her alcoholic beverage permit for a period of seven days.
PRIOR PROCEEDINGS
On June 2, 1971 the Louisiana Board of Alcoholic Beverage Control filed a petition under the authority of LSA-R.S. 26:91, seeking the suspension or revocation of 1971 State Retail Saloon Liquor Permit No. 3476 issued to Frances G. Burnette, d/b/a Blue Angel, 225 Bourbon Street, New Orleans, Louisiana. The petition alleged that the permittee violated LSA-R.S. 26:88(7), which reads as follows:
“No person holding a retail dealer’s permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to' be done on or about the licensed premises:
* * * * * *
“(7) Employ or permit females, commonly known as ‘B Girls’, to solicit patrons for drinks and to accept drinks from patrons and receive therefor any commission or any remuneration in any other way.”
The Board held a hearing on the petition on July 13, 1971, and made certain findings of fact, on the basis of which the Board concluded that the statute had been violated and unanimously decided to suspend *348 the license for a period of seven days, beginning at 12:00 o’clock noon, July 26, 1971, and to place the permittee on probation for the remainder of the year 1971.
The permittee filed an appeal in the Civil District Court for the Parish of Orleans, as provided in LSA-R.S. 26:104, and the trial judge granted a temporary restraining order prohibiting the Board from enforcing the suspension pending a hearing on the appeal.[1]
The appeal was tried de novo on August 18, 1971, and judgment was rendered affirming the decision of the Board and ordering the suspension from 4:00 P.M. that day until 4:00 P.M. on August 25, 1971.
The permittee thereupon filed an application for writs of certiorari, mandamus and prohibition to this court, requesting a stay of the suspension.
While LSA-R.S. 26:104 allows only a devolutive appeal, summary hearings on appeal are required by LSA-R.S. 26:105, which take precedence over other civil cases and are to be tried in or out of term. In the case of a suspension of a license for a relatively short period of time, the summary proceedings on appeal required by LSA-R.S. 26:105 would have no meaning and effect if the suspension takes place prior to the summary hearing. This is different from the case of a longer suspension or of a revocation of a license, where the devolutive appeal provisions of 26:104 and the summary hearing provisions of 26 :- 105 would together be meaningful and effective. Exercising our supervisory jurisdiction, we therefore amended the judgment of the district court to provide that the period of suspension shall begin August 27, 1971 at 4:00 P.M. and end on September 3, 1971 at 4:00 P.M., and further ordered a devolutive appeal, returnable on August 26, 1971, at which time oral arguments were heard.
APPEAL
Before this court, appellant first contends that the suspension is moot, since the suspension period ordered by the Board has long since passed. We disagree. A common sense approach dictates that the Board ordered a seven day suspension, and since the remaining term for which the permit was issued still has more than four months to run, the suspension can validly be enforced during the remainder of this period. It is inconceivable that a court by its own action would restrain the enforcement of a suspension in order to grant a hearing, and then after the hearing and after deciding that the suspension is proper decide that the period of suspension has passed. If a court in reviewing a suspension case affirms the decision of the Board, it simply amends that decision to specify the period of suspension.
Appellant further contends that LSA-R.S. 26:104 is unconstitutional, in that it denies her the right of suspensive appeal. Because of our action on the writ application (as well as the temporary restraining order issued by the trial judge), appellant suffers no harm and her rights in that respect are not adversely affected. She therefore cannot assign this ground as the basis for her attack on constitutionality of that statute.
Appellant next attacks the constitutionality of LSA-R.S. 26:88(7), on the grounds that the statute is (1) discriminatory as to the appellant and alleged “B Girls” as compared with other entertainers and (2) vague. The statute on its face is not discriminatory, and appellant has offered no evidence that it has been so applied, and we therefore find that appellant has not been denied equal protection of the law.
As to the contention of vagueness, the phrase “commonly known as ‘B Girls’ ” *349 is simply descriptive wording and is not a limitation on the statute, which prohibits all females from soliciting patrons for drinks and accepting drinks from patrons for remuneration on the licensed premises. We find that the statute clearly and adequately describes the act or conduct which is prohibited.
Finally, appellant contends that the Board failed to affirmatively prove compensation or remuneration as an essential element of the act or conduct which is prohibited.
The evidence consisted of the testimony of two police officers, who entered the establishment in plain clothes. A waitress, later identified as Maria, took their order and delivered two drinks to them at a price of $2.55 each. Shortly thereafter, Maria and another girl, named Sherry, approached the table and solicited the officers for a drink. The two- -drinks were served at a cost of $3.50 per drink, although the witnesses admitted that they did not recall what the drinks were. The officers were again solicited for another round of drinks and paid the same price differential, the money being delivered to a cashier at the bar. When a third round of drinks was brought to the table without being ordered, the officers refused to pay for them and identified themselves as policemen. The entire incident took place within a period of 15 to 25 minutes.
In B drinking cases it is virtually impossible to prove by direct evidence that the females received a commission or remuneration, and in most cases the State must rely upon circumstantial evidence in support of this fact. State v. Almerico, 232 La. 847, 95 So.2d 334 (1957).
In this case the differential in price is not alone sufficient circumstantial evidence of remuneration to the females, since they could well have ordered a type of drink whose posted price was higher than that ordered by the officers. However, the additional facts that (1) Maria was also employed as a waitress; (2) Maria told the officers that she was a dancer in the Blue Angel; (3) the females solicited two rounds of drinks from the officers; (4) a round of drinks appeared without being ordered; and (5) the events occurred within a very brief period of time support the conclusions that the females were not rendering their services gratuitously, that at least one was an employee and the other a permittee, and that they did actually receive remuneration for their efforts in violation of the statute.
Accordingly, the judgment of the district court, as amended by us, is affirmed.
Affirmed.

. See LSA-R.S. 26:106; Wimberly v. White, 54 So.2d 869 (La.App. 1 Cir.1951).