LANDRY, Judge.
The Louisiana Board of Alcoholic Beverage Control (Board) appeals the judgment of the trial court decreeing restoration of State Liquor Permit Number 8146 issued plaintiff, Jack Nichols (Permittee), and ordered revoked by the Board for violation of LSA-R.S. 26:88(7), which proscribes the practice commonly known as “B-drinking.” We reverse and reinstate the decision of the Board's order of revocation.
The sole issue on this appeal is whether the Board is required to show that a female is paid a commission or some other form of remuneration on a per drink basis to establish the charge of B-drinking as contemplated by the applicable statute.
On December 16, 1970, the Board’s agent, Joseph Angelle, conducted a routine check of the Trailer House Lounge, Morgan City, St. Mary Parish, for possible violation of the B-drinking statute. As a result of certain events which took place on that occasion, proceedings were instituted by the Board to revoke the liquor permit issued for the establishment in Nichols’ name. On April 14, 1970, a hearing was held before the Board. On evidence adduced, the Board concluded the charge of B-drinking had been established. Based on this determination, Nichols’ liquor permit was ordered revoked as of April 26, 1971.
Pursuant to LSA-R.S. 26:104, Permittee timely appealed to the Honorable Sixteenth Judicial District Court, St. Mary Parish, for a trial de novo. Concurrently with his appeal, Permittee applied' for and was granted a temporary restraining order prohibiting the Board from enforcing its order of revocation and a rule ordering the Board to show cause why its revocation order should not be vacated.
Following trial on the merits, the district court found as a fact that the two females involved were salaried employees of Per-mittee, and that they solicited drinks of the Board’s employee. The trial court concluded, however, that to constitute the offense of B-drinking, it must be established that a specific commission or remuneration is received by the female employee with respect to each individual drink involved, and no such showing was made in this instance.
This matter must be resolved in the light of LSA-R.S. 26:88(7) which states:
“No person holding a retail dealer’s permit and no agent, associate, employee, representative, or servant of any such *486 person shall do or permit any of the following acts to be done on or about the licensed premises: Employ or permit females, commonly known as “B Girls,” to solicit patrons for drinks and to accept drinks from patrons and receive therefor any commission or any remuneration in any other way.”
The Board’s agent, Joseph Angelle, testified that at approximately 10:30 P.M., on the day in question, he entered Per-mittee’s lounge for the purpose of making a routine check. Upon entering the trailer in which the business was conducted, he noticed approximately ten or twelve persons present. Immediately upon his entry, two bar maids came from behind the bar, seated themselves next to him at the bar, and each asked that he buy her a champagne cocktail which cost $2.00 per drink. He purchased such a drink for each of the two women at the price indicated, and a highball for himself at an unstated cost. Later the same two females requested that he buy each of them additional drinks, and each also asked him to buy her a bottle of champagne which cost $25.00 per bottle. Mr. Angelle bought no additional drinks, neither did he purchase a bottle of champagne. Angelle conceded he did not see either woman mix drinks while he was in the place. He did state that when he entered both were standing behind the bar and both told him they had been employed at the Trailer Lounge for several weeks. When Angelle entered the bar, Permittee was present. Permittee left the establishment for ten to fifteen minutes, but returned while Angelle was still there. He noted that neither of the women were dressed in any type of uniform. He remained in the place for approximately 45 minutes and observed no evidence of either female keeping any sort of record or accounting of drinks he bought them. Mr. Angelle concluded his testimony by stating that he had no knowledge whether the involved females received any specific remuneration for the drinks he purchased.
Permittee acknowledged his half ownership in subject establishment, and that the permit therefor was issued in his name. He stated that he did not exactly hire the females in question, but acknowledged that the women worked in the place, and were each paid at the rate of $15.00 per shift, which amounted to approximately $87.50 weekly. Permittee stated that the women were not paid a commission or any other remuneration on a per drink basis. He insisted their only pay was on the per shift basis above indicated. Permittee acknowledged the availability of champagne in his establishment, but at a price of only $15.00 or $20.00 per bottle, never $25.00.
On the basis of the foregoing testimony, we agree with the finding of the trial court that the females in question were employed by Permittee, and that they did in fact solicit drinks of the Board’s investigator, Angelle. We disagree with the conclusion of the lower court that payment of a fixed salary does not fall within the ambit of “any commission or any remuneration in any other way”, as set forth in the pertinent statute.
The pertinent statute plainly requires that to constitute the proscribed act of B-drinking, the female must receive either a commission or remuneration in some other form. It does not expressly provide that the other remuneration must be on a per drink basis. On the contrary, it states that the prohibited other remuneration may not be in any form whatsoever.
We note that the question herein posed has been dealt with in Burnette v. Louisiana Board of Alcoholic Beverage Control, La.App., 252 So.2d 346, which is somewhat factually analogous. The per-mittee in Burnette, above, contended his license was illegally suspended because the Board failed to establish payment of remuneration required pursuant to the applicable statute. The facts in Burnette, above, were that two officers entered an establishment and each ordered a drink. They were charged $2.55 per drink by the waitress who served them. They were *487 then joined at the table by the waitress and another female who solicited the officers for a drink for which the policemen were charged $3.50 each. The women then asked for and the officers purchased them another round of drinks at the same price. When a third round of drinks arrived at the table unordered, the policemen refused to pay for them and identified themselves. In Burnette, above, the court held, in reliance upon State v. Al-merico, 232 La. 847, 95 So.2d 334, a criminal prosecution for B-drinking, that it is virtually impossible to prove receipt of commission or remuneration by the female in a B-drinking situation by direct evidence. Burnette, above, held that in such cases, the State (in a criminal prosecution) or the Board (as here in an action to suspend or revoke a license) must rely upon circumstantial evidence. The facts in Burnette were that there was a price differential in the drinks served the officers and those solicited by the females; one of the women who was employed as a waitress told the officer she was a dancer in the establishment; there was solicitation by the females, and the sequence of events occurred with such rapidity as to justify the conclusion the services rendered by the females were not gratuitous. Tha court found, although there was no direct evidence of payment of remuneration, the proof was sufficient to show a violation of LSA-R.S. 26:88(7).
We find the interpretation of LSA-R.S. 26:88(7) reached in Burnette, above, to be reasonable and proper and adopt it as our own. We also believe the case at bar even stronger on the facts than Burnette, above. Here the Permittee acknowledges the females were employed by him at a substantial daily rate of pay. The solicitation required was amply established, and occurred immediately upon Angelle entering the establishment. To hold that a substantial daily pay received by a female employee who solicits drinks from patrons does not constitute a violation of the statute is to render meaningless the term “remuneration in any other way.” The statute does not require a showing that violation of the pertinent act requires proof of payment of a commission on each drink solicited.
The judgment of the trial court is reversed and judgment rendered herein reinstating the Board’s order which revoked, as of April 26, 1971, State Liquor Permit Number 8416 issued Permittee Jack Nichols; all costs of these proceedings to be paid by Permittee.
Reversed and rendered.