SUMMERS, Justice.
This case comes to us as an appeal from a judgment of the trial court sustaining a motion to quash Louisiana’s prostitution statute on the ground that it is unconstitutional for it denies women equal protection of the laws.
The statute provides:
“Prostitution is the practice by a female of indiscriminate sexual intercourse with males for compensation.
“Whoever commits the crime of prostitution shall be fined not more than one hundred dollars, or imprisoned for not more than six months, or both.” La.R.S. 14:82.
According to the terms of the statute, the crime it reprobates can only be committed by a woman. A man practicing indiscriminate sexual intercourse with women for compensation does not commit this crime. The defendant here is a female charged with prostitution under the statute. She contends that there is no rational basis for punishing women and not men for engaging in indiscriminate sexual intercourse for compensation.
The proposition that a statutory enactment by the legislature is presumed to be constitutional'requires no citation of authority. It is also fundamental that the burden is upon the party claiming the un *911 constitutionality to show that the classification of the statute has no rational basis. State v. Brown, 288 So.2d 339 (La.1974); Sevin v. Louisiana Wildlife and Fisheries Commission, 283 So.2d 690 (La.1973). Thus, when a court can reasonably do so, it will construe a statute so as to preserve its constitutionality. Pearce ex rel. Structural Pest Control Commission v. Sharbino, 254 La. 143, 223 So.2d 126 (1969).
The concept of equal protection of the laws has not been, and is not, susceptible to precise definition. No test has been formulated which is infallible or all-inclusive, each case must be decided as it arises. Puget Sound Power & Light Co. v. King County, 264 U.S. 22, 44 S.Ct. 261, 68 L.Ed. 541 (1923). It may be said, however, that generally the guarantee of equal protection of the laws means that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons in like circumstances. Kentucky Finance Corp. v. Paramount Auto Exchange Corp., 262 U.S. 544, 43 S.Ct. 636, 67 L.Ed. 1112 (1922). The concept of equal protection applies to crimes and punishments, and mandates the invalidity of a statute which denies such protection by making a particular act a crime when committed by a person of one race but not when committed by a person of another race. In re Opinion of Justices, 207 Mass. 601, 94 N.E. 558 (1911).
In applying the Equal Protection Clause, however, it has been consistently recognized that the Fourteenth Amendment does not deny to the states the power to treat different classes of persons in different ways. Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).
Discrimination between the sexes falls within the prohibition that states must accord equal protection to those within its jurisdiction. However, in matters in which sex is a material factor, a statute may make a distinction without violating the constitutional guarantee, if the classification is a natural and reasonable one. Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163 (1947).
When an activity by women may, in the allowable legislative judgment, give rise to moral and social problems against which it should devise deterrents, the legislature may enact laws to accomplish such a purpose. Goesaert v. Cleary, ibid. Equal protection is not violated, therefore, by a statute which provides for the medical examination and detention of prostitutes, People ex rel. Kesselbaum v. Fox, 144 App.Div. 628, 129 N.Y.S. 657 (1911), or which makes it a criminal offense for a male person to live with, or to accept the earnings of, a prostitute. Zenner v. Graham, 34 Wash. 81, 74 P. 1058 (1904).
At the outset it must be noted that no evidence whatsoever has been introduced to support the defendant’s position. With this bare record the court is called upon to presume that the purpose of the legislature in enacting the controverted statute was for some legitimate state purpose, and that the method chosen was relevant to the achievement of that purpose. However, given this presumption, the contention is that the classification in the Act is irrational, for the objects and purposes of the legislation could have been achieved just as well by making it a crime for men to engage in indiscriminate sexual intercourse for compensation. To make such conduct criminal when engaged in by women only, defendant argues, is the type legislative choice forbidden by the Equal Protection Clause.
To sustain this contention we must assume that the classification implicit in the statute is unreasonable. But this we may not do. The burden is upon the person claiming that the classification is unreasonable and irrational to support that contention with facts which will overcome the presumption of constitutionality.
Only argument is advanced to support defendant’s contention. It is argued that *912 male prostitution is prevalent and constitutes a social evil detrimental to the public welfare just as does female prostitution. Aside from the fact that this record does not support the facts upon which this contention rests, there is nothing upon which this Court can rely to conclude that male prostitution is a social problem of any importance. A court may not suppose that male prostitution is a problem of such significance that the legislature should proscribe the practice as a crime. The Constitution does not and should not require the legislature, before attempting to regulate an existing practice which is detrimental to the public welfare, to regulate a practice which is not.
No decision has been called to our attention and our research failed to disclose any which require this Court to hold Louisiana’s prostitution statute unconstitutional. Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971) and Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L. Ed.2d 583 (1973), upon which defendant relies, concerned facts and discrimination which are readily distinguishable from the instant case.
The Reed Case held that an Idaho statutory provision giving a mandatory preference for appointment as administrator to a-male applicant over a female applicant otherwise equally qualified and within the same entitlement class of the Probate Code, violated equal protection. The objective of the statute to eliminate one class of contest was held not sufficient to justify discrimination against women.
The Frontiero Case is cited principally to support the contention that statutory classifications based upon sex are inherently suspect and must be subjected to close judicial scrutiny. However, the case cannot be considered authoritative on that question. No majority of the court subscribed to that view. In that case the Court did hold that a statute deprived a servicewoman of due process when it denied her dependency benefits for her husband, a question far afield from the one before this Court.
On the other hand, cases we consider persuasive have held similar statutes constitutional in other states.
In Wilson v. State, 278 N.E.2d 569 (1972), the Indiana Supreme Court upheld the state’s prostitution statute against a claim that it applied to females only. To support its decision it adopted this statement of the applicable law:
“The classification as made is founded on substantial distinctions in the subject matter. It is reasonably designed to protect the morals and welfare of the public. It was deemed sufficient for this purpose when it was enacted. If the morals of the people of the state have changed in the meantime so as to require a more general classification, that matter is for the legislature to consider — not for the courts.”
See also State v. Mertes, 60 Wis.2d 414, 210 N.W.2d 741 (1973).
A more recent decision is Geduldig v. Aiello, 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974) where the constitutionality of a California disability insurance system which excluded benefits for normal pregnancy and delivery was held not to violate the equal protection clause. The court held that, consistent with the Equal Protection Clause, a state may take one step at a time in addressing phases of problems, and that “so long as the line drawn by the State is rationally supportable, the courts will not interpose their judgment as to the appropriate stopping point.” Quoting from Dandrige v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970) the court said: “The Equal Protection Clause does not require that a State must choose between attacking every aspect of a problem or not attacking the problem at all.”
To paraphrase a footnote in the Gedul-dig Case, absent a showing that distinctions involving prostitution are merely pre *913 texts designed to effect an invidious discrimination against the members of one sex or the other, lawmakers are constitutionally free to exclude male prostitution from the coverage of legislation on the reasonable basis that it does not constitute a social problem. Differences between the sexes does bear a rational relationship to the prohibition of prostitution by females.
For the reasons assigned, the judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings not inconsistent with the views expressed herein.
SANDERS, C. J., dissents with written reasons.
BARHAM, J., dissents for reasons assigned by the Chief Justice.