458 So.2d 904 (1984)
STATE of Louisiana
v.
Erwin CORKY, Doris Milazo and Joseph Nuccio.
STATE of Louisiana
v.
Daniel UMPHLET and Rhonda Caldwell.
Nos. 84-KA-0758, 84-KA-1508.
Supreme Court of Louisiana.
November 26, 1984.
Rehearing Denied January 4, 1985.
*905 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Rick Kelly, Mary Charlotte McMullan, Asst. Dist. Attys., for plaintiff-appellant.
Servando C. Garcia, III, Baisle J. Uddo, Robert H. Belknap, New Orleans, for defendants-appellees.
LEMMON, Justice.
In these two consolidated cases, the state has appealed from trial court judgments declaring unconstitutional La.R.S. 26:285(8), the "B-Drinking" statute, and quashing bills of information charging defendants with violations of the statute.[1] The trial court found the statute to be unconstitutionally vague and violative of equal protection of the laws. For the following reasons which essentially track the opinion of this court in State v. Cox, 352 So.2d 638 (La.1977) in which similar challenges to a virtually identical provision in La.R.S. 26:88(8) were rejected, we reverse.
Vagueness
La.R.S. 26:285(8) provides in pertinent part:
"No person holding a retail dealer's permit and no servant, agent, or employee of the permittee shall do any of the following acts upon the licensed premises:
* * * * * *
"(8) Employ or permit females, commonly known as B girls, to solicit patrons for drinks and to accept drinks from patrons and receive therefor any commission or any remuneration in any other way."[2]
Contending that the term "B-girl" is vague, defendants argued in the trial court and in this court that the statute fails to give adequate notice of the prohibited conduct and fails to provide adequate standards for enforcement. See State v. Jackson, 404 So.2d 952 (La.1981); State v. Union Tank Car, 439 So.2d 377 (La.1983). However, the phrase "commonly known as B-girls" does not purport to limit or restrict the word "females", but rather is merely a surplus descriptive phrase which does not detract from the clear statutory expression of the prohibited conduct.[3] With or without *906 the descriptive phrase, the statute clearly prohibits retail alcohol dealers and their employees from employing or permitting females to solicit and accept drinks from patrons for remuneration. Thus, a person of ordinary intelligence is given adequate notice of the conduct to be avoided.
In Cox, this court held that the similar statute at issue in that case clearly and unambiguously prohibited owners and operators of premises licensed to sell alcoholic beverages from employing or permitting females commonly known as "B-girls" to solicit patrons for drinks in return for remuneration from either the owner or the customer. The purpose of the statutory prohibition is to prevent bar operators from hiring females for compensation to lure unsuspecting male customers into purchasing drinks for them, which is a practice commonly known as "B-drinking". The use of the descriptive term containing the common name of the practice does not make the statute vague or confuse persons of average intelligence over the type of conduct which will subject them to the statutory penalty.
Equal Protection
Defendants contend that the statute prohibits the permittee from employing females to solicit drinks from patrons, but does not regulate the identical conduct by men. Defendants further argue that the classification based on gender does not bear a rational relationship to a valid state objective.
The Cox decision, in rejecting an equal protection challenge, observed that the statute is addressed to all persons who hold a "retail dealer's permit" or who are the "agent, associate, employee, representative, or servant" of the permittee, without regard to the sex of the permittee or employee. Thus, the statute punishes men and women equally for employing B-drinkers. Indeed, both men and women were arrested in the present case for violating the statute.
Moreover, the mere fact that the Legislature focused its proscription only on the employing or permitting of women to solicit customers (usually male customers) to purchase drinks for them does not violate the constitutional principles embodied in the equal protection clauses of the state and federal constitutions. The Legislature may enact a statute which affects some groups of citizens differently, as long as there is a rational relationship between the classification and the achievement of a valid state objective. The issue is whether the statute uses a gender-based distinction for invidious discrimination. The distinction may not be based on administrative convenience or on an archaic assumption about the proper role of the sexes, but may be justified by a compelling state interest involving circumstances in which the sexes are not similarly situated.
As the United States District Court noted in Defrances v. Edwards, 480 F.Supp. 1, 3 (W.D.La.1977), the B-drinking statute has a rational relationship to the state's "valid objective of preventing commercial exploitation through sexual inducements." The court noted that the statute was also designed to prevent extortion by overcharging and padding of bar bills, as well as the violence which often results from disputes over such practices.
The legislative history of the B-drinking statute indicates that the practice of B-drinking by women in retail alcohol outlets was a serious problem, and the evidence in DeFrances and other cases established that fact. The statute under consideration was an appropriate legislative response to that problem.[4]
*907 In State v. Devall, 302 So.2d 909 (La. 1974), this court stated:
"[I]n matters in which sex is a material factor, a statute may make a distinction without violating the constitutional guarantee if the classification is a natural and reasonable one.
"When an activity by women may, in the allowable legislative judgment, give rise to moral and social problems against which it should devise deterrents, the legislature may enact laws to accomplish such a purpose." 302 So.2d at 911.
In Devall, this court rejected the contention that Louisiana's former prostitution statute was unconstitutional because it only prohibited indiscriminate sexual intercourse by women for compensation, without criminalizing the identical conduct by men.[5] As in this case, the defendant in Devall made no showing that such similar conduct by males created a social problem of any importance and therefore did not establish a basis for concluding that the Legislature acted unreasonably in focusing solely on the conduct of women.[6] As the Court stated in Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970) (quoted with approval in Devall):
"The Equal Protection Clause does not require that a state must choose between attacking every aspect of a problem or not attacking the problem at all."
Finally, the presumption of constitutionality of statutes requires this court to accord substantial deference to legislative choices, even in cases of gender-based distinctions, as long as the classification bears a fair and substantial relationship to a legitimate governmental interest. See Michael M. v. Superior Court of Sonoma Cty., 450 U.S. 464, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981) (upholding the constitutionality of a California "statutory rape" statute, which provided punishment only for the male when there was sexual intercourse between a male and an underage female, on the basis that the statute bore a substantial relationship to the important governmental objective of preventing teenaged pregnancy). See also Craig v. Boren, above.
The judgments of the trial court are reversed, the motions to quash are overruled, and the cases are remanded for further proceedings.
NOTES
[1] Because the trial court declared a law unconstitutional, this court has appellate jurisdiction. La.Const. Art. 5 § 5(D) (1974). The state has the right to appeal the sustaining of the motion to quash. La.C.Cr.P. Art. 912.
[2] The sale of beverages of high and low alcohol content is regulated in two separate chapters of Title 26. Section 285(8) is in Chapter 2, which regulates the sale of low alcohol beverages, while Section 88 is in Chapter 1. The portion of La.R.S. 26:88 at issue in the Cox case provides:

"No person holding a retail dealer's permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises:
* * * * * *
"(8) Employ or permit females, commonly known as B girls, to solicit patrons for drinks and to accept drinks from patrons and receive therefor any commission or remuneration in any other way."
[3] This court in Cox cited with approval the following language in Burnette v. Louisiana Bd. of Alcoholic Bev. Control, 252 So.2d 346 (La.App. 4th Cir.1971):

"As to the contention of vagueness, the phrase `commonly known as "B girls"` is simply descriptive wording and is not a limitation on the statute, which prohibits all females from soliciting patrons for drinks and accepting drinks from patrons for remuneration on the licensed premises. We find that the statute clearly and adequately describes the act or conduct which is prohibited." 252 So.2d at 348-349.
[4] The Legislature has broad powers to regulate the sale of alcoholic beverages and the conditions and circumstances surrounding the sale of alcoholic beverages. See California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972); Craig v. Boren, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976). This statute, drafted in clear and unambiguous terms, was a proper exercise of that authority.
[5] Subsequent to Devall, La.R.S. 14:82 was amended to criminalize male prostitution as well as female prostitution. See Acts 1977, No. 49.
[6] Defendant argues in brief that the same conduct engaged in by female impersonators can create the same problems and dangers which the statute in question is designed to address. Whether this is true or not, that matter addresses itself to the Legislature. See note 5, above.