PER CURIAM.
Levi Welch, doing business as Party Tyme Package Store in Prattville, Alabama, sought a judgment declaring that § 6-26 of .the *1051 Prattville City Code violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The defendants, the City of Prattville and its mayor, David Whetstone (hereinafter together referred to as “the City”), appeal from a summary judgment in favor of Welch. We reverse and remand.
Welch’s business, Party Tyme Package Store, is engaged in the retail sale of alcoholic beverages for off-premises consumption; it is located -within the city limits of Prattville. Section 6-26, which is included within a chapter of the City Code entitled “Business Licenses, Taxes and Regulations,” provides, in pertinent part:
“(a) Liquor: In addition to the license fee, each lounge retail restaurant liquor and club liquor licensee will pay monthly to the city clerk, on forms provided by the clerk, a tax of ten (10) percent on all liquor purchases from ABC outlets, retail and wholesale.”
(Emphasis added.) Welch sued the City, alleging that § 6-26 was unconstitutional in its unequal treatment of private retail liquor licensees (which are required to pay the 10% tax) and state-owned Alcoholic Beverage Control Board stores (which are exempt from the tax imposed by § 6-26). Welch asked that § 6-26 be declared unconstitutional and that the City be ordered to reimburse him for the taxes that had been previously levied against him pursuant to § 6-26.
The trial court, agreeing with Welch’s contention that there is no “rational basis for disparate treatment” of privately owned “package stores” and state-owned liquor stores, ruled that § 6-26 was unconstitutional and ordered that it be stricken from the City Code. The trial court also awarded Welch $41,370.63 in damages from the City— a figure determined by totaling the amount of the taxes that Welch had paid between December 1991 and November 1993, pursuant to § 6-26, plus interest.
The basic issue presented in this case is whether the Fourteenth Amendment mandates that state liquor stores and private liquor stores be treated the same for tax purposes by the municipalities in which they do business. Stated differently, does the state’s immunity from municipal taxation of its liquor stores violate the equal protection guarantee of the Fourteenth Amendment?
The Fourteenth Amendment provides that “[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws.” In Plyler v. Doe, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982), the United States Supreme Court noted:
“The Equal Protection Clause directs that ‘all persons similarly circumstanced shall be treated alike.’ F.S. Royster Guano Co. v. Virginia, 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989 (1920). But so too, ‘[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same.’ Tigner v. Texas, 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed. 1124 (1940). The initial discretion to determine what is ‘different’ and what is ‘the same’ resides in the legislatures of the States. A legislature must have substantial latitude to establish classifications that roughly approximate the nature of the problem perceived, that accommodate competing concerns both public and private, and that account for limitations on the practical ability of the State to remedy every ill. In applying the Equal Protection Clause to most forms of state action, we thus seek only the assurance that the classification at issue bears some fair relationship to a legitimate public purpose.”
After carefully considering the record and the briefs, we conclude that state liquor stores and private liquor stores are not “similarly circumstanced” for purposes of the Equal Protection Clause. State liquor stores are owned, operated, and regulated by the state pursuant to its police power. See Ex parte Alabama Alcoholic Beverage Control Board, [Ms. 1940558, February 23, 1996] — So.2d —(Ala.1996); State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 186 So. 487 (1939). By refusing to consent to the local taxation of its liquor stores — municipalities have no power to tax the state or its agencies without the state’s consent, see, e.g., Greil Bros. Co. v. City of Montgomery, 182 Ala. 291, 62 So. 692 (1913), and the state has not *1052 consented in this instance — the state has obviously chosen to eliminate a potential financial burden on its exercise of this governmental function. See 71 Am.Jur.2d, State and Local Taxation § 336 (1973), wherein it is noted that “immunity [from taxation] rests upon fundamental principles of government, it being necessary in order that the functions of government shall not be unduly impeded” and that “[t]o tax public property necessarily involves other taxation for the payment of the taxes so laid.” This is certainly a rational basis for the state’s differentiating, for tax purposes, between its own liquor stores and those owned and operated privately. In this respect, we agree with Judge Holmes’s dissenting opinion in State Department of Revenue v. B & B Beverage, Inc., 534 So.2d 1114, 1118 (Ala.Civ.App.1987), wherein he stated: “I find no ... plain conflict between the different methods of taxation in this case and the Fourteenth Amendment’s guarantee of equal protection of the laws.” The following statement of the New York Court of Appeals states the principle well:
“A municipality or agency of the State carrying out a public purpose may at times compete with private business. Those owning the private business are not deprived of their right to the equal protection of the law, guaranteed by the Constitution of the United States, because the private business is subjected to a tax from which the State agency is immune. Puget Sound Power & Light Co. v. County of King, 264 U.S. 22, 44 S.Ct. 261, 68 L.Ed. 541 [ (1924) ]. The general principles stated in the opinion in that case justify the exemption from taxation of property held by a public agency for a public purpose and not primarily for revenue, though as an incident of the execution of its public purpose the public agency derives revenue from a use of the property in competition with property put to similar use by private owners. Cf. State Board of Tax Commissioners v. Jackson, 283 U.S. 527, 537, 51 S.Ct. 540, 75 L.Ed. 1248, 73 ALR 1464, 75 ALR 1536 [ (1931) ].”
Bush Terminal Co. v. City of New York, 282 N.Y. 306, 322, 26 N.E.2d 269, 276 (1940).
In striking down § 6-26, the trial court failed to take into consideration long-standing United States Supreme Court jurisprudence establishing a deferential rationality standard for reviewing state economic (tax) legislation under the Fourteenth Amendment. Under this standard, great deference is given to a state’s classification of individuals or entities for tax purposes. See 3 Rotunda and Nowak, Treatise on Constitutional Law: Substance and Procedure § 18.3, pp. 32-41 (2d ed.1992), and the cases discussed therein, including Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973), and Allegheny Pittsburgh Coal Co. v. County Commission of Webster County, West Virginia, 488 U.S. 336, 109 S.Ct. 633, 102 L.Ed.2d 688 (1989). In Lehnhausen, the Supreme Court stated:
“The Equal Protection Clause does not mean that a State may not draw lines that treat one class of individuals or entities differently from the others. The test is whether the difference in treatment is an invidious discrimination. Harper v. Virginia Board of Elections, 383 U.S. 663, 666, 86 S.Ct. 1079, 1081, 16 L.Ed.2d 169 [(1966)]. Where taxation is concerned and no specific federal right, apart from equal protection, is imperiled, the States have large leeway in making classifications and drawing lines which in their judgment produce reasonable systems of taxation. As stated in Allied Stores of Ohio v. Bowers, 358 U.S. 522, 526-27, 79 S.Ct. 437, 440-441, 3 L.Ed.2d 480 [ (1959) ]:
“ ‘The States have a very wide discretion in the laying of their taxes. When dealing with their proper domestic concerns, and not trenching upon the prerogatives of the National Government or violating the guaranties of the Federal Constitution, the States have the attribute of sovereign powers in devising their fiscal systems to ensure revenue and foster their local interests. Of course, the States, in the exercise of their taxing power, are subject to the requirements of the Equal Protection Clause of the Fourteenth Amendment. But that clause imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable *1053 schemes of state taxation. The State may impose different specific taxes upon different trades and professions and may vary the rate of excise upon various products. It is not required to resort to close distinctions or to maintain a precise, scientific uniformity with reference to composition, use or value.’ ”
410 U.S. at 359-60, 93 S.Ct. at 1003-04.
In Allegheny Pittsburgh Coal, Chief Justice Rehnquist, writing for a unanimous Court, stated:
“The States, of course, have broad powers to impose and collect taxes. A State may divide different kinds of property into classes and assign to each class a different tax burden so long as those divisions and burdens are reasonable. Allied Stores, supra, 358 U.S., at 526-527, 79 S.Ct., at 440-441 (‘The State may impose different specific taxes upon different trades and professions and may vary the rate of excise upon various products’). It might, for example, decide to tax property held by corporations ... at a different rate than property held by individuals. See Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973) (Illinois ad valorem, tax on personalty of corporations). In each case, ‘[i]f the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law.’ Brown-Forman Co. v. Kentucky, 217 U.S. 563, 573, 30 S.Ct. 578, 580, 54 L.Ed. 883 (1910).”
488 U.S. at 344,109 S.Ct. at 638.
As previously noted, state liquor stores and private liquor stores are different for purposes of the Fourteenth Amendment. For this reason, we defer to the state’s reasonable classification (for tax purposes) of these liquor stores and hold that § 6-26 does not violate the Equal Protection Clause. The judgment is, therefore, reversed and the case is remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, SHORES, and BUTTS,* JJ., concur.
HOUSTON, J., concurs specially.
ALMON, KENNEDY, and COOK, JJ., concur in the result.
HOOPER, C.J., dissents.