THOMPSON, Judge,
dissenting.
I believe the gender classification in .§ 6-6-351, Ala.Code 1975, does bear a substantial relationship to an important governmental interest; therefore, I must respectfully dissent from the majority opinion.
I do not agree with the majority that § 6-5-351 is similar to the Georgia seduction statute that was held unconstitutional by the Georgia Supreme Court as not being substantially related to a legitimate governmental interest. The Georgia statute reads:
“The seduction of a daughter, unmarried • and living with her parent, whether followed by pregnancy or not, shall give a right of action to the father or to the mother if the father is dead, or absent permanently, or refuses to bring an action. No loss of services need be alleged or proved. The seduction is the gist of the action, and in well-defined cases exemplary damages shall be granted.”
Ga.Code Ann. § 51-1-16.
There are two major distinctions between Alabama’s seduction statute and that statute: (1) The Alabama statute is restricted to unmarried females under the age of 19, whereas the Georgia statute affected all unmarried females; and (2) a separate cause of action exists in Alabama, in § 6-5-350, Ala.Code 1975, under which the minor female who is seduced may bring her own action, whereas under the Georgia statute there was no separate cause of action for the female.
In order to withstand a constitutional challenge under the Equal Protection clause of the United States Constitution, a gender classification must serve an important governmental objective and it must be substantially related to that objective. Craig v. Boren, 429 U.S. 190, 198, 97 S.Ct. 451, 457, 50 L.Ed.2d 397, 407 (1976). In discussing the issue of equal protection, the Supreme Court of Alabama has stated:
“The Fourteenth Amendment provides that ‘[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws! In Plyler v. Doe, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982), the United States Supreme Court noted:
“The Equal Protection Clause directs that ‘all persons similarly circumstanced shall be treated alike.’ F.S. Royster Guano Co. v. Virginia, 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989 (1920). But so too, ‘[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same.’ Tigner v. Texas, 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed. 1124 (1940). The initial discretion to determine what is ‘different’ and what is ‘the same’ resides in the legislatures of the States. A legislature must have substantial latitude to establish classifications that roughly approximate the nature of the problem perceived, that accommodate competing concerns both public and private, and that account for limitations on the practical ability of the State to remedy every ill. In applying the Equal Protection Clause to most forms of state action, we thus seek only the assurance that the classification at issue bears some fair relationship to a legitimate public purpose.”
City of Prattville v. Welch, 681 So.2d 1050, 1051 (Ala.1996).
I believe that one of the important governmental interests furthered by § 6-5-351, Ala. Code 1975, is the prevention of the seduction of a minor female that could result in the minor’s becoming pregnant.
Gender classifications have been upheld where they “realistically reflect the fact that the sexes are not similarly situated in certain circumstances.” Michael M. v. Superior Court of Sonoma County, 450 U.S. 464, 469, 101 S.Ct. 1200, 1204, 67 L.Ed.2d 437, 442 (1981). The majority points out that § 6-5-351 does not apply to women who seduce minor females, or to women or men, who seduce males below the age of 19. Although there should be a governmental interest in *225 preventing the seduction of a minor male by a female or by a male, and in preventing the seduction of a minor female by another female, there is an important physiological difference between the victim of the seduction in the scenario now before us and the victims in those scenarios — specifically, a minor female who is seduced by a man can become pregnant.
The emotional, physical, and financial consequences of a pregnancy resulting from the seduction of a minor female are guarded against by the Alabama seduction statute.
Teenage pregnancy is an unfortunate reality in our society and it too often creates a financial and emotional burden on both the girl and her family. It is in society’s best interest to attempt to prevent these pregnancies, as well as the events that cause these pregnancies. Although I recognize that § 6-5-351 will not remedy the problem of teenage pregnancy, I believe that that Code section is substantially related to a legitimate governmental interest in deterring pregnancy and other consequences of the seduction of female children. Therefore, I must dissent.