Dear Representative Scalise
This office is in receipt of your opinion request wherein you made the following inquiry:
 1) Does Louisiana Revised Statute 15:574.15[1], which gives parole powers to elected state officers or municipal officials whose jurisdiction consists of more than 450,000 inhabitants, violate the equal protection provisions of the Federal and State Constitutions?
U.S. Const. Amendment XIV states in relevant part that no state shall make or enforce any law that will deny any person within its jurisdiction equal protection under the law. La. Const. Art. 1 Sec. 3
provides in relevant part that no person shall be denied equal protection of the laws. *Page 2 
Generally, the guarantee of equal protection of the laws means that no person or class of persons shall be denied the same protection of the laws, which is enjoyed by persons in like circumstances. State v.Devall, 302 So. 2d 909 (La. 1974). In Rudolph v. Massachusetts BayInsurance Co., 472 So. 2d 901 (La. 1985), the Supreme Court stated that the function of the equal protection clause is to measure the validity of classifications created by state laws. Further, for equal protection purposes, the rational basis standard of review for determining validity of classification created by state law asks whether legislation, which created the classification, was related to legitimate state interests.
It is the established jurisprudence of the Supreme Court of the United States that particular classifications in laws based upon population are not, of themselves, invalid and do not impinge upon the constitutional guarantees set forth in the Fourteenth Amendment. Peckv. City of New Orleans, 199 La. 76 (La. 1941). The City of New Orleans, from the date of its incorporation, has been the subject of special treatment by the Legislature and there are hundreds of instances where that city has been particularly excepted from the provisions of laws which apply generally to other subdivisions of the State. Id.
Given the above, it can be concluded with reasonable certainty that a state statute based on population does not violate the Equal Protection Clause of either the United States Constitution or the Louisiana State Constitution.
As mentioned above, the city of New Orleans falls under unique classification in many statutes enacted by the legislature. Without fully knowing the intent of the legislature at the time of passage of La. R.S. 15:574.15, it can be presumed that New Orleans large population makes it distinct from other municipalities throughout the state.
La. R.S. 15:574.15 does not deprive any convicted persons of the opportunity to be paroled. All convicted persons, whose sentences so provide, shall receive an opportunity to be paroled whether inside or outside of the city of New Orleans.
It is the opinion of this office that La. R.S. 15:574.15, which is based on population, does not deprive similarly situated convicted persons of the opportunity to be paroled and does not violate the Equal Protection Clause of the United States Constitution or the Louisiana State Constitution. *Page 3 
It is our continuing desire to lend aid to the public servants of the state such as yourself, Representative Scalise, and we pray that the foregoing Opinion has been responsive to your question, of value, and helpful.
 Very truly yours,
 CHARLES C. FOTI, JR
 ATTORNEY GENERAL
 ARTHUR SCHAFER
 ASSISTANT ATTORNEY GENERAL
[1] Louisiana Revised Statute 15:574.15 states in pertinent part that every elected officer of the state or any parish or municipality in the state shall have the power to parole a person who is under arrest and detention for the violation of any criminal or quasi criminal ordinance. . . within the territorial jurisdiction of the state or parish elected officer, and within the municipality wherein the municipal officer exercises his jurisdiction, whenever any municipality has a population of more than four hundred fifty thousand inhabitants according to the census of the United States for 1980 or any subsequent year.