404 So.2d 952 (1981)
STATE of Louisiana
v.
Jon D. JACKSON.
No. 81-KA-1121.
Supreme Court of Louisiana.
September 28, 1981.
*953 William J. Guste, Jr., Atty.Gen., Barbara Rutledge, Asst.Atty.Gen., Ossie Brown, Dist.Atty., Kay Kirkpatrick, Wiley Dial, Asst.Dist.Attys., for plaintiffs-appellants.
Frank J. Gremillion, Baton Rouge, for defendant-appellee.
MARCUS, Justice.[*]
Jon D. Jackson was charged by bill of information with having negligently failed to maintain reasonable and proper control of his vehicle while operating on a public road in violation of La.R.S. 32:58. On the day of trial but prior to commencement thereof, defendant made an oral motion to quash the information on the ground that La.R.S. 32:58 was unconstitutionally vague. The trial judge took the motion under advisement and proceeded to trial. After a trial without a jury, defendant was found guilty as charged. Sentencing was deferred until a later date to permit the filing of a written motion to quash and a hearing thereon. After a hearing, the trial judge, finding La.R.S. 32:58 unconstitutionally vague, granted the motion to quash and set aside the conviction. The state has appealed that ruling to this court under the authority of La.Const. art. 5, § 5(D).
The sole issue presented for our consideration is whether La.R.S. 32:58 is unconstitutionally vague.
Under article I, section 2 of the Louisiana Constitution of 1974 and the fourteenth amendment to the United States Constitution, words and phrases used in statutes must not be so vague and indefinite that any penalty prescribed for their violation would constitute a taking of liberty or property without due process of law. Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); Connick v. Lucky Pierre's, 331 So.2d 431 (La. 1976). This constitutional guarantee requires that penal statutes and ordinances describe the unlawful conduct with sufficient particularity and clarity that ordinary persons of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto. Embodied in this concept is the requirement of fair notice of the proscribed conduct.
La.R.S. 32:58 provides:
It shall be unlawful for the driver of any vehicle to negligently fail to maintain reasonable and proper control of said vehicle while operating the vehicle on the public roads of this state.
The attack of vagueness is directed at the words "reasonable" and "proper" in the above statute. We agree that such words, when considered in the abstract, are vague and indefinite. No one could be expected to know what is reasonable and proper without regard to a particular type of conduct. La.R.S. 32:58 makes it unlawful for a driver of a vehicle to negligently fail to maintain reasonable and proper control of his vehicle while operating it on a public road. The words "reasonable" and "proper" must be considered with the particular conduct which they are used to describe.
*954 The trial judge stated that our decision in State v. Dousay, 378 So.2d 414 (La.1979), compelled his finding that the statute was unconstitutional. In Dousay, we were confronted with a constitutional attack on section 10:22 of the sanitary code on the ground of vagueness. That section required every person with authority over and control of the maintenance or operation of a sewage treatment plant or sewage disposal system to take all useful and reasonable measures and precautions to secure and ensure the proper operation and maintenance of such systems. We held that even if we limited our evaluation of the definiteness of the words "usual," "reasonable" and "proper" to the question of whether those within the reach of this regulation (ordinary reasonably intelligent operators of sewage treatment plants or disposal systems) can discern the meaning of these words and conform their conduct thereto, these words were so vague and indefinite that these businessmen would be forced to guess their meanings. Accordingly, we found section 10:22 of the sanitary code to be unconstitutionally vague.
We did not hold in Dousay that words such as "reasonable" and "proper," themselves, were impermissibly vague. Nor did we say that these words could never be used in a statute. We simply held that even ordinary reasonably intelligent operators of sewage treatment plants or disposal systems could not be expected to know what is usual and reasonable to ensure the proper operation of such systems. In the instant case, the words "reasonable" and "proper" are used to describe the conduct of controlling a vehicle while operating it on a public road. Clearly, a person of ordinary reasonable intelligence can be expected to know what is reasonable and proper in the control of his vehicle while operating it on a public road and conforming his conduct thereto. The words "reasonable" and "proper" are not vague when considered with the conduct they are used to describe. Hence, the statute provides fair notice of the prohibited conduct. Accordingly, La.R.S. 32:58 is not unconstitutionally vague. The trial judge erred in holding otherwise. We must reverse.

DECREE
For the reasons assigned, the rulings of the trial court granting the motion to quash and setting aside the conviction are reversed and the case is remanded to the trial court for further proceedings according to law.
DIXON, C. J., dissents.
NOTES
[*] Judges Grover L. Covington, Luther F. Cole and J. Louis Watkins, Jr. of the Court of Appeal, First Circuit, participated in this decision as associated justices ad hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.