473 So.2d 877 (1985)
Rosie Lee EMERY
v.
CITY OF NEW ORLEANS, Through Reynard J. ROCHON, Chief Administrative Officer.
No. CA-3044.
Court of Appeal of Louisiana, Fourth Circuit.
July 9, 1985.
Rehearing Denied August 27, 1985.
*878 Glenn L. Morgan, New Orleans, for plaintiff-appellant Rosie Lee Emery.
Salvador Anzelmo, City Atty., Sidney H. Cates, IV, Deputy City Atty., New Orleans, for defendant-appellee City of New Orleans, Through Reynard J. Rochon, Chief Administrative Officer.
Before SCHOTT, GARRISON and WARD, JJ.
*879 WARD, Judge.
The Orleans Parish Civil District Court dismissed Rosie Lee Emery's claim that provisions of the City of New Orleans Beer and Alcoholic Beverage Ordinance are unconstitutional and denied an injunction prohibiting the City from withholding renewal of Ms. Emery's alcoholic beverage outlet manager's permit. We affirm.
The City of New Orleans requires that no alcoholic beverage outlet shall operate without a manager in attendance, and managers are required to obtain permits after satisfying the same qualifications required of owners of alcoholic beverage outlets. M.C.S. Section 5-67. The New Orleans Beer and Alcoholic Beverage Ordinance provides that applicants for a manager's permit must submit to the Department of Finance a sworn application disclosing certain personal background information, accompanied by the applicant's fingerprints, photograph and $50.00 fee. The ordinance directs the Department of Finance to investigate the qualifications of each applicant and to request reports from several City agencies, including the Police Department for verification of the statements made in the application and "any other matters which might affect the qualifications" of the applicant. M.C.S. Section 5-30 et seq.
Ms. Emery had held a manager's permit for several years, but in July, 1982, the City Department of Finance denied renewal of her permit based upon a finding that she lacked "good character [and] reputation," a qualification required by M.C.S. Section 5-20(1). Ms. Emery requested an appeal hearing at which it was revealed that the City's decision was based upon several recent arrests and pending charges for possession of narcotics and stolen property. The City Review and Appeals Officer upheld the denial of the permit. Ms. Emery did not directly appeal that decision as provided by La.R.S. 26:302, but instead filed a petition in Civil District Court seeking an injunction and declaratory judgment of unconstitutionality of portions of the Beer and Alcoholic Beverage Ordinance. She alleged that M.C.S. Section 5-20(1) is unconstitutionally vague and that several provisions of the ordinance conflict with state and federal law. She also alleged that she had been denied a permit on the basis of incompetent evidence and that the City's action had defamed her and violated her right to due process of law.
At the trial on the injunction and declaratory judgment, Joan Glennon, the Department of Finance's Collector of Revenue, testified that she denied Ms. Emery's application because she felt the arrests showed that Ms. Emery was "not the type of person that should be a manager in an alcoholic beverage outlet." Vincent Peuler, the Hearing Officer who conducted Ms. Emery's administrative appeal hearing, testified that he upheld the denial on the basis of the arrest records and a report of the Vice Crime Section of the New Orleans Police Department  evidence that Ms. Emery was not of good character and reputation.
In his reasons for not granting the injunction Ms. Emery sought against the City, the Trial Judge found no error in the denial of Ms. Emery's permit application based upon the "totality of the circumstances." He upheld the constitutionality of the ordinance as a reasonable exercise of the police powers of the City.
In the present appeal, Ms. Emery again asserts the unconstitutionality of the ordinance and raises evidentiary issues concerning the City ordinance and her arrest records.
Ms. Emery first contends that the Trial Court erred in considering provisions of the New Orleans City Code which were not in evidence because courts in Louisiana cannot take judicial notice of municipal ordinances. However, La.R.S. 13:3712 provides that courts of record in the state shall take judicial cognizance of municipal ordinances enacted by governing authorities within their jurisdictions whenever certified copies of the ordinances are filed with the clerk of court. The statute further provides that each clerk of court shall keep a record of ordinances filed and that it is not necessary to file more than one copy of any *880 ordinance. Because the Clerk of the Civil District Court has on file a certified copy of the New Orleans City Code, Ms. Emery's first contention is without merit.
We decline to consider Ms. Emery's allegations concerning inadmissibility and misuse of arrest records because evidence of her arrest was immaterial to the issues before the District Court. The District Court proceeding was a trial on the injunction and declaratory judgment rather than an appeal from the administrative hearing officer's decision. Ms. Emery did not file in the District Court or ask that Court to review either the transcript of the administrative hearing or the documentary evidence presented to the Hearing Officer. Therefore, aside from perhaps establishing her standing to file suit, Ms. Emery's alleged arrests (which incidentally, she does not deny) were not put at issue by the petition filed in the District Court. That Court should not have considered, and we do not consider, whether the City abused its discretion in considering evidence of Ms. Emery's arrests in making the factual determination that she was not of good character. The sole issue properly before the District Court was the constitutionality of applying M.C.S. 5-20(1) to find Ms. Emery not qualified for a manager's permit on the basis of criminal charges which had not resulted in convictions. Accordingly, that is the only substantive issue we consider in this appeal.
Ms. Emery makes three arguments in urging the ordinance's unconstitutionality. She first contends that the requirement of good character and reputation violates her right to due process of law. She further argues that she was denied the equal protection of the law because mere arrests have not been held to show lack of good character in licensing other occupations and professions. Finally, she contends that the ordinance violates the Louisiana Constitution which forbids the City from imposing an occupational license tax greater than that imposed by the State.
We find no violation of Ms. Emery's right to due process of the law. Constitutional due process requires that the City ordinance furnish ascertainable standards by which an applicant can intelligently seek to qualify for a permit and that those standards must have a rational connection with the municipality's legitimate regulatory goals. Hornsby v. Allen, 326 F.2d 605, 612 (5th Cir.1964); Everett v. Goldman, 359 So.2d 1256 (La.1978).
Municipalities have broad discretion in regulating the liquor business to protect the public from fraud and corruption. We do not believe requiring good character and reputation for managers goes beyond that discretion even though the ordinance does not define or otherwise provide guidance in the determination of "good character and reputation," nor expressly require denial of a permit because of an applicant's arrest record. The required qualification of good character and reputation provides an ascertainable standard. "Good moral character" is a statutory prerequisite for countless occupations, professions, and positions of civic responsibility. The term is widely accepted and understood as a concise and meaningful description of an attribute of a desirable citizen. We agree with the court in United States v. Mississippi, 229 F.Supp. 925 (S.D.Miss.1964), which explained a requirement of good moral character:
It seems to us to be self-defining. Any attempt by the legislature to have written a definition applicable to all applicants for voter registration or for any of the licenses mentioned would undoubtedly have ended in a cumbersome, wordy enactment which could have added nothing to the inherent meaning of the words themselves and might well have detracted from their efficient and effective application.
Furthermore, we find that the City's requirement of good character and reputation for alcoholic beverage outlet managers has a real and substantial relationship to promotion of orderly and legal distribution of intoxicating beverages. Legislation designed to effect legitimate economic and social policies satisfies due process so long *881 as the means are reasonable and not arbitrary. Maher v. City of New Orleans, 516 F.2d 1051 (5th Cir.1975). The requirement of good character and reputation for alcoholic beverage outlet managers is reasonable and not arbitrary, and we defer to the municipality's broad discretion in setting that standard and in determining whether it is met by an applicant who has an arrest record. Therefore, the ordinance satisfies constitutional due process.
We likewise find no merit in Ms. Emery's second contention that the City's refusal to grant a permit on the basis of mere arrests is a denial of equal protection of the law because good character and reputation is defined differently for other occupations. Although Ms. Emery claims that there are practicing doctors and lawyers who have arrest records, she has not shown that other applicants with arrest records have been granted alcoholic beverage outlet manager's permits. Nomey v. State, 315 So.2d.709 (La.1975), cited by Ms. Emery in support of her equal protection argument, holds only that all persons engaged in the sale of alcoholic beverages are entitled to "stand equally before the law." It does not hold that qualifications for an occupational permit must be defined the same for all occupations and professions or that specific acts, such as arrests, which do not bar access to one profession cannot be the basis for withholding a permit to engage in another.
The equal protection clause of the United States Constitution does not prohibit the government's classifying and treating persons differently so long as the distinctions are not arbitrary and have a rational basis reasonably related to a legitimate state interest. In re Sewerage and Water Board, 257 La. 716, 243 So.2d 809 (1971). The City of New Orleans has a legitimate interest in having its retail liquor outlets managed by law-abiding individuals whose character and reputation are unquestioned. That interest is rationally furthered by the Collector of Revenue's classifying persons who have arrests and pending charges on narcotics and stolen property violations as unqualified for managers' permits because those arrests reflect unfavorably upon the applicants' reputations.
Municipalities have great latitude in their regulation of local business, and the constitutionality of a classification is presumed unless it restricts fundamental personal rights or is drawn upon inherently suspect distinctions. Dukes v. City of New Orleans, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976). Applying the Beer and Alcoholic Beverage Ordinance to deny a manager's permit to persons who have numerous arrests violates neither of these precepts and is therefore not unconstitutional on equal protection grounds.
We also reject Ms. Emery's third contention that City's licensing of alcoholic beverage outlet managers violates Article 6, Section 28 of the Louisiana Constitution of 1974:
The governing authority of a local governmental subdivision may impose an occupational license tax not greater than that imposed by the state.... The governing authority of a local governmental subdivision may impose an occupational license tax greater than that imposed by the state when authorized by law enacted by the favorable vote of two-thirds of the elected members of each house of the legislature.
The State Alcoholic Beverage Control Law, Title 26 of the Revised Statutes, provides for permits only for manufacturers, wholesalers, retailers, and solicitors. La. R.S. 26:71. The State of Louisiana does not require or grant managers' permits. Hence, Ms. Emery argues that by charging a $50.00 fee for a manager's permit, the City is imposing an occupational license tax greater than that imposed by the State.
We believe this argument mischaracterizes the nature of the permit fee. Taxes levied for the purpose of raising revenue have been consistently distinguished from fees charged to meet the costs of issuing permits or other forms of regulation under the government's police power. See, Mouledoux v. Maestri, 197 *882 La. 525, 2 So.2d 11 (1941); State v. Schofield, 136 La. 702, 67 So. 557 (1915). The prohibition of Article 6, Section 28 clearly applies only to occupational license taxes which are revenue measures since it is found in Part II of Article 6 of the Constitution which concerns local government taxation and bonds. The permit fee in question is not an occupational license tax prohibited by Section 28 because the Beer and Alcoholic Beverage Ordinance is not a revenue measure. The permit fee is levied, not as a tax, but as a means of partially covering the substantial costs of regulating the alcoholic beverage industry in New Orleans. The $50.00 fee charged to persons who apply for a manager's permit does not exceed the City's costs of investigating applicants and issuing the permits. This means of requiring regulation to pay its own way does not run afoul of the constitutional prohibition against duplicative or excessive taxation.
For the foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal to be paid by Rosie Lee Emery.
AFFIRMED.