594 So.2d 973 (1992)
WEST CENTRAL LOUISIANA ENTERTAINMENT, INC., Plaintiff-Appellant,
v.
CITY OF LEESVILLE, Defendant-Appellee.
No. 90-832.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
*974 Elvin Fontenot, Jr., Leesville, for plaintiff-appellant.
Gold, Weems, Bruser, Sues & Rundell, Peggy St. John, Alexandria, for defendant-appellee.
Before DOUCET, YELVERTON, and KNOLL, JJ.
YELVERTON, Judge.
This case concerns the constitutionality of Leesville City Ordinance 14:63. The plaintiff, West Central Louisiana Entertainment, Inc., (West), was issued an occupational license by the city to run an "entertainment center." West operated a business in Leesville known as "The Ritz-Late Nite" which was open between 11:30 p.m. Saturdays and 4:00 a.m. Sundays. The after-hours club provided a place to listen and dance to popular music played by a disc jockey. The plaintiff did not serve alcohol but patrons were allowed to bring in their own and the club sold drink mixers and soft drinks. Patrons 18 and older could enter the establishment for a four dollar cover charge.
This business operated from approximately the middle of October 1988 through the end of January 1989. At that time defendant, the city of Leesville, informed the club's owners that the business was in violation of Leesville City Ordinance 14:63 and would be closed down if it continued to operate. The owners closed the club and filed suit. The suit asked for a declaratory judgment that the ordinance was unconstitutional, a judgment for damages, and injunctive relief.
The application for injunctive relief was denied after a hearing because the trial court held that the ordinance was not manifestly unconstitutional nor did the evidence show that there was a likelihood that the ordinance would be declared unconstitutional and it appeared to be a valid exercise of the municipality's police power. After a second hearing on this matter, the trial court held that the provisions of the ordinance were not constitutionally impermissible and that it was a legitimate exercise of the police power by the municipality.
From this judgment plaintiff appeals. West argues that the ordinance is unconstitutional for three reasons: it denies West substantive due process; it violates West's right to equal protection; and that its language is unconstitutionally overbroad and vague. We find no error, and affirm for the following reasons.
Leesville City Ordinance 14:63 states in part:
Drinking in public places.
(a) It shall be unlawful for any person to consume alcoholic beverages of high and low alcoholic content on any public street, sidewalk, park, building, including any public school building, school grounds, football stadium, gymnasium, or any place of amusement holding a retail occupation license from the city including skating rinks, bowling alleys, theaters, pool halls, dance halls, and amusement centers.
(b) It shall be unlawful for a holder of a city occupational retail license, his employees or agents, whose principal business is that of amusement, including skating rinks, bowling alleys, theaters, dance halls and amusement centers, to permit patrons of his establishment to consume or possess alcoholic beverages.
(c) This section shall not apply to persons who have alcoholic beverage permits for the city; provided however that this exception applies only to alcoholic beverages covered by the holder's permit.
West first contends that this language violates its substantive due process rights because *975 the operation of a business is a fundamental right. It also argues that the ordinance violates its right to equal protection of law by creating two classes: those who have obtained an occupational license from the city of Leesville and allow consumption of alcoholic beverages, and those who have not purchased an occupational license who allow consumption of alcoholic beverages at their functions. Plaintiff refers to the fact that some groups such as the Lions Club, Wampus Cat Club, and various church groups are allowed to sell alcohol without an occupational license.
The federal and state governments are prohibited from depriving a person of life, liberty or property without due process of law. U.S. Const.Amends. V, XIV; La.Const. art. 1 § 2 (1974). The guarantee of equal protection requires that state laws affect alike all persons and interests similarly situated. U.S. Const. Amend. XIV; La.Const. art. 1 § 3 (1974). Under both substantive due process and equal protection analyses, unless an ordinance interferes with the exercise of fundamental, personal rights, or is drawn upon inherently suspect distinctions such as race or religion, its constitutionality is presumed. If such is the case, the challenged ordinance need only be rationally related to a legitimate state interest. City of New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976); Theriot v. Terrebonne Parish Police Jury, 436 So.2d 515 (La.1983); State v. Petrovich, 396 So.2d 1318 (La.1981). We recognize no fundamental right or suspect class involved in the present cases that would require heightened scrutiny.
Gil Jeane, the Chief of Police for the city of Leesville, testified that the ordinance in question was enacted in 1985 because of problems with another "bring your own bottle" (BYOB) club which has since closed down. The police received complaints from parents when their minor children came home intoxicated and informed them they got the alcohol at the BYOB Club. There was also an increased number of reports concerning drunk driving, fighting, disturbing the peace, and vandalism in the area of the BYOB Club. These factors led to the enactment of the ordinance.
Chief Jeane told the court that the Leesville Police Department received the same complaints about the Ritz-Late Night. There was an increase in both criminal activity and the number of arrests in the area of the club. Minors came home intoxicated and told their parents they got the alcohol at the after-hours club. There was an inordinate number of complaints concerning barroom fights and disturbing the peace. Several neighbors complained about the noise and time of operation of the club. There was also an increase in arrests for criminal damage to property in the area. Some minors were arrested on the club's premises, and a total of 59 arrests were directly related to the Ritz-Late Night. The trial court noted the increase of criminal activity in the area of the club.
Chief Jeane testified that there is no other means to control alcohol consumption at a BYOB club. These clubs do not apply for nor do they need a liquor license. Therefore, they are not subject to the regulation other establishments are where alcohol is consumed. In its reasons for judgment, the trial court noted this lack of regulation in the BYOB club situation.
Michael Hadnot, an officer of the plaintiff corporation, testified that they operated a teen club called "PG-13" out of the same building where the Ritz was located. He was aware of the complaints that minors were frequenting the late night club. Hadnot also was aware of some vandalism around the business, and he told the court that they had to call the Leesville City Police somewhere between 12 to 15 times for assistance.
A city ordinance, like a state statute, is presumed to be constitutional and the party who attacks it has the burden of establishing by clear and cogent evidence that the ordinance is unconstitutional. This rule is strictly observed in cases involving ordinances enacted in the exercise of a city's police power. Hi-Lo Oil Company v. City of Crowley, 274 So.2d 757 (La.App. 3rd Cir.), writ refused, 277 So.2d 673 (La.1973). Police power is the power *976 of a governmental body to regulate reasonably the actions of its individual citizens in order to protect or promote public health, safety, morals, peace or general welfare. City of Shreveport v. Curry, 357 So.2d 1078 (La.1978). The test of whether an ordinance is a constitutionally valid exercise of police power depends on whether, under all the circumstances, the regulation is reasonable and whether it is designed to accomplish a purpose properly falling within the scope of the police power. Wes-T-Erre Dev. v. Parish of Terrebonne, Etc., 416 So.2d 209 (La.App. 1st Cir.), writ denied, 421 So.2d 251 (La.1982).
We hold that Leesville City Ordinance 14:63 is constitutional under substantive due process and equal protection analyses. The ordinance is rationally related to the legitimate government objectives of reducing alcohol consumption by minors and crimes committed by intoxicated persons. Additionally, protecting minors from the corrupting influences of older patrons of a business has been held to be a legitimate city effort. City of Dallas v. Stanglin, 490 U.S. 19, 109 S.Ct. 1591, 104 L.Ed.2d 18 (1989).
The ordinance in question is a valid exercise of defendant's police power. Municipalities have broad discretion in regulating the liquor business to protect the public from fraud and corruption. Emery v. City of New Orleans Through Rochon, 473 So.2d 877 (La.App. 4th Cir.), reconsideration denied, 477 So.2d 694 (La.1985). This ordinance is designed to accomplish a purpose properly falling within the scope of the police power. West has failed to meet its burden of proof otherwise.
Finally, West contends that the language of the ordinance leads to selective enforcement as a result of its vagueness and overbreadth. Specifically, the plaintiff argues that it is left up to the City Administrator to decide whether a person must purchase an occupational license, and the term "place of entertainment" is so vague as to lead to absurd conclusions. However, the ordinance does not contain the term "place of entertainment" in its provisions.
Words and phrases used in statutes must not be so vague and indefinite that any penalty prescribed for their violation would constitute a taking of liberty or property without due process of law. U.S. Const. Amend. XIV; La. Const. art. 1 § 2 (1974); State v. Jackson, 404 So.2d 952 (La.1981). A law is fatally vague and offends due process when it denies a person of ordinary intelligence a reasonable opportunity to know what action is prohibited so that he may act accordingly. However, laws regulating business behavior are held to a lesser standard of "definiteness" than statutes imposing criminal penalties. Hopping v. Louisiana Horticulture Com'n, 509 So.2d 751 (La.App. 1st Cir.1987).
Under the above standards, we find that this ordinance is not unconstitutionally broad or vague. The ordinance in question clearly prohibits any person from consuming alcoholic beverages at any place of amusement holding a retail occupational license from the city. It also prohibits a holder of such a license, whose principal business is amusement, to allow patrons to consume or possess alcoholic beverages at his establishment. The ordinance contains an illustrative list of examples of what should be considered places of amusement. Finally, it contains the exception that any person with an alcoholic beverage permit issued by the city is not subject to the ordinance.
None of West's three arguments supporting its constitutional attacks on Leesville City Ordinance 14:63 have any merit. We affirm the trial court's declaratory judgment rejecting all of appellant's demands, at appellant's costs.
AFFIRMED.