Dear Mr. Spruel:
You requested an Attorney General's opinion concerning certain payment policies with respect to fees for playing golf and using certain equipment at the Frasch Park Golf Course. You explain that this recreational facility is an operation of Community Center and Playground District No. 2 of Ward 4 of Calcasieu Parish and is governed by a board of five commissioners appointed in accordance with R.S. 33:4564.
Specifically, you ask the following two questions:
 1) Whether past community center and playground commissioners can legally be permitted free use of golf greens and carts where the general public must pay for use of the greens and carts at the golf course.
 2) Whether the Board of Commissioners for Community Center and Playground District No. 2 of Ward 4, Calcasieu Parish can vote to permit or allow the golf pro who is under contract with the District to determine, within the confines of the law, who pays and who does not pay for use of the greens at the golf course.
Whenever there is discussion of creating different classifications of payers, non-payers, and payers of different rates for the use of governmental recreational facilities, it must be kept foremost in mind that the Fourteenth Amendment to the U.S. Constitution applies to them. Watson v. City of Memphis, Tenn., 373 U.S. 531, 529, 83 S.Ct. 1314, 1316, (1963) and cases cited therein. Cf. Art. I, Sections 2 and 3 La. Const'n (1974). Thus, such fee policies and classifications must at least "bear a real and substantial relationship to an appropriate governmental objective," Everett v. Goldman,359 So.2d 1256, 1267 (La. 1978). The governing body, therefore, must provide reasonable guidance, criteria, and standards to its golf pro in implementing such fee policies and classifications, for to leave implementation to his unfettered discretion would result in "arbitrary," Emery v. City of New Orleans Through Rochon, 473 So.2d 877, 881 (La.App. 4th Cir. 1985), "[un]ascertainable standards," id. at 880, in determining who must, and who may not have to, pay golf-related fees and/or how much fees must be paid, in order to use the public facility.
The application of these constitutional rules does not mean that all persons at all times must pay the very same fees. Broad discretion is still vested in the governing body, which must only provide objectively ascertainable standards that are reasonably related to a legitimate governmental interest. Thus, for example, one such interest is explicitly stated in R.S.33:4563 — promotion of the general health and well being of youths. The governing body can, therefore, exempt youths from fees. Also, the general objectives to own and operate playgrounds and other facilities and generally to engage in activities to promote and encourage recreation would seem to support usage-related classifications — e.g., to have reduced fees at times of otherwise light usage of the facilities or to reduce fees for senior citizens, who generally have more daylight, mid-week time to play when otherwise there would be less usage of facilities and who may be on limited pensions but whose health and recreational activities are enhanced by the fee-reduction inducement to use the facilities. These are only a few of the vast myriad of fee policies and classifications that the board may lawfully adopt pursuant to the ascertainable — standards/reasonably — related — to — legitimate — state — interests rule.
It is our opinion, however, that the board cannot create, as a special fee-exempt group, a classification of persons who are past members of the board. Our opinion is based on the provisions of R.S. 33:4564(B) which set forth what the commissioners may receive for their service on the board (and no more) and on the provisions of R.S. 33:4566 which provide not only the authority and procedure for levying taxes but also a statement of limitation on the purposes for which such tax dollars may be spent. If the board adopts a fee exemption policy for past board members as a separate class, they are, in effect, voting a future compensation for themselves (to use the facilities, as a class, free of charge when the members of the general public must otherwise pay) on the sole basis that they had at one time served on the board. Thus, it would be a vote to receive (future) compensation for service on the board that is in excess of what is specifically set forth and allowed by law. Past board members who happen to fall within another fee-exempt classification along with persons who were never board members may, of course, exercise their exemption, as the basis for this other fee-exempt classification is not past or present service on the board.
Trusting this opinion has adequately answered your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: THOMAS S. HALLIGAN Assistant Attorney General
TSH:cdw-0726f