LOBRANO, Judge.
The narrow issue presented in this appeal is whether or not the tax enacted by the New Orleans City Council in Ordinance Number 14211 M.C.S.[1] and referred to by the City as a “gross receipts tax” on telecommunications services is, in reality, an occupational license tax subject to the limitations of Article VI, Section 28 of the Louisiana Constitution of 1974. The City’s tax, designated as Section 52-200 et seq., of the City Code, requires that “any person who furnishes telecommunications services as defined in this Article, for compensation within the City of New Orleans shall pay to the City, a tax for the privilege of engaging in such business of four per centum (4%) of the gross receipts from such business.” The plaintiff, Radiofone, Inc., asserts that this tax is, in reality, an occupational license tax which exceeds the maximum limits imposed by the constitution.
Radiofone, Inc. filed a petition for declaratory judgment seeking a ruling on various grounds that the tax referred to by the City as the “gross receipts tax” on telecommunications services is unconstitutional. Radiofone filed a motion for summary judgment solely on the ground[2] that the so-called “gross receipts tax” is actually an impermissible occupational license tax and is, therefore, unconstitutional. The City filed a cross-motion for summary judgment on the same issue. The trial judge granted the City’s motion declaring that the tax did not violate Article VI, Section 28.
In his reasons for judgment, the trial judge noted that although the descriptive language used in the Section 52-201 tax is also used in occupational license tax laws, the classification of a tax must be determined by its operational effect rather than by the descriptive language used in drafting the enactment. After analyzing the substance of Section 52-201, the trial court distinguished the tax from a prohibited occupational license tax on three grounds. First the court concluded that since there is no injunctive remedy available against a delinquent taxpayer, the tax lacks a true licensing aspect. Second, there is no floor or ceiling limiting the amount due and owing. Third, the tax is triggered by the conduct of business in the City, and not physical presence.
Radiofone perfects this appeal essentially arguing that the trial judge’s three distinguishing characteristics are flawed. Several entities, who were not parties in the trial court, have intervened in this ap *1069 peal also asserting the tax’s unconstitutionality.[3]
Louisiana Constitution Article Six deals with local government. At the time of the adoption of the 1974 Constitution every local governmental subdivision retained the powers granted by its home rule Charter unless inconsistent with the constitution. La. Const. Article VI, Sec. 4. Constitution Article VI, Section 28 prohibits a local governing authority from imposing “an occupational license tax not greater than that imposed by the state.” Until 1986, the State imposed an occupational license tax and provided, by statute, maximum rates which served as the guidelines for local governments. Act 1017 of 1986 abolished the state imposed occupational license tax, but provided a maximum rate schedule consistent with the mandate of Article VI, Section 28. “Any municipality ... shall have the right to impose a license tax on any person conducting any business ... within the territorial jurisdiction ... at a rate which shall not exceed the maximum rates set forth in this Chapter_” La. R.S. 47:341.
The ordinance imposing the City’s tax states that it is “a tax for the privilege of engaging in [the telecommunications] business.” The City concedes that imposition of this tax, together with its existing occupational license tax, exceeds the constitutional prohibition of Article VI, Section 28. However, it argues that its tax lacks the licensing aspect of a true occupational license tax as understood when the constitution was adopted in 1974, and thus is not constitutionally prohibited. We disagree.
Neither the Constitution, which prohibits “an occupational license tax” in Article VI, Section 28, nor the enabling legislation, which grants the limited right to impose a “license tax”, define the terms “occupational license” and “license” tax. “The nature of a tax is determined not by its title but by its incidents, attributes and operational effect. The realities and substance of the tax must be examined, not by its form.” Reed v. City of New Orleans, 593 So.2d 368 (La.1992) at 371, citing City of New Orleans v. Scramuzza, 507 So.2d 215 (La. 1987).
In Mire v. City of Lake Charles, 540 So.2d 950, (La.1989) our Supreme Court, citing Black’s Law Dictionary, defined an occupational license tax as one “imposed on the activity or privilege of conducting a business or practicing a profession.” In a footnote, the court noted the confusion that may exist between the terms “occupation tax” and “license tax”.
In Emery v. City of New Orleans, 473 So.2d 877 (La.App. 4th Cir.1985), this court characterized the occupational license tax prohibited by Article VI, Section 28 as clearly “revenue measures since it (Article VI, Section 28) is found in Part II of Article 6 ... which concerns local government taxation and bonds.” Id. at 882. In that case, we distinguished the revenue raising authority of local government by virtue of its taxing power from its licensing or permitting authority by virtue of its police power. This distinction is consistent with the reasoning found in footnote 4 in Mire which refers to the licensing or regulating authority of local government as an exercise of its police power, and an occupation tax as an exercise of its taxing power, a measure aimed at raising revenue.
The prohibition of Article VI, section 28 is directed at the taxing power of local government, i.e. its power to raise revenue. The article does not limit nor prohibit the exercise of the regulatory or licensing authority exercised pursuant to a local government’s police powers. The City’s tax in the instant case is a pure revenue raising measure directed at the telecommunications business conducted within its territorial limits. In our opinion it is a tax prohibited by Article VI, Section 28.
The City argues, however, that the type of tax prohibited by Article VI, Section 28 is one which was intended to involve both the taxing and licensing power of a local *1070 government. It argues that when the prohibition was adopted in 1974, the enabling legislation included a provision authorizing injunctive relief by the local government when there was failure by the taxpayer to pay the tax due. Thus, asserts the City, with the passage of the 1974 Constitution, the electorate intended that the tax prohibited by Article VI, section 28 be a true licensing tax because the non-paying taxpayer could be enjoined from doing business, an exercise of local government’s police powers. The City maintains that because its ordinance does not provide for injunctive relief as a remedy, it is not a prohibited tax as intended in 1974 when Article VI, section 28 was adopted. We disagree.
We first note that injunctive relief is no longer a permissive remedy for failure to pay an occupational license tax. More important, however, is our opinion that the availability of injunctive relief does not necessarily suggest an exercise of police power, no more than the lack of it suggests an exercise of pure taxing authority. The City is presupposing that because the original enabling legislation provided for injunctive relief, the tax prohibited by the Constitution was an exercise of both regulatory (licensing) and taxing powers. This is an incorrect supposition.[4]
Article VI, section 28 is a limitation on local governments’ taxing authority. It is not a limitation on the power to regulate. The operational effect of the City’s tax is to raise revenues, solely an exercise of its taxing powers which is limited by the constitution. However one may define the term “occupational license tax”, the City’s “gross receipts” tax falls within that definition for purposes of the Article VI, section 28 prohibition.
We also find irrelevant the ordinance’s lack of a maximum or minimum taxing limit. A local governing authority cannot escape the Constitutional prohibition of Article VI, section 28 by merely not including maximum limits. The state has imposed the maximum allowable limits. La.R.S. 37:354.[5]
Accordingly, for the reasons assigned, we hold that the City’s tax on the gross receipts of the telecommunications business as defined in its ordinance violates the constitutional limitations of Constitutional Article VI, Section 28. For that reasons we hold it is unconstitutional.
REVERSED AND RENDERED.

. In addition to the tax at issue, Ordinance No. 14211 also levied a tax referred to by the City as a 1% "municipal subscriber charge” on subscribers to telecommunications services. The trial court held that this was an unconstitutional sales tax in violation of La. Const. Art. VI, Sect. 29(A). The City appealed that ruling directly to the Louisiana Supreme Court pursuant to La. Const. Art. V, Sect. 5(D).

. Plaintiff asserted several other grounds as to the constitutionality of this tax which involve factual issues. However, those issues are not before us in this appeal.

. Those parties are: Bell South Telecommunications, Inc., d/b/a South Central Bell Telephone Company, AT & T Communications of the South Central States and Louisiana CGSA, Inc., d/b/a Bell South Mobility, Inc.

. We note with interest that the City's already existing “occupational License tax” does not provide for injunctive relief.

. In brief the City concedes that the trial judge erroneously concluded that an "occupational license tax” required a physical presence within the city. We need no further discussion of this "distinguishing" characteristic.