Dear District Attorney Reed:
This office is in receipt of your request for an opinion of the Attorney General in regard to the position of constable in St. Tammany Parish. You indicate the constable for Ward 10 resigned in December, 1993 and the Governor appointed an individual to fill the vacancy who had to decline. In an attempt to fill the vacancy the question has arisen as to whether an individual convicted and who has served time as a felon can serve as constable until the position is filled by election.
In accordance with R.S. 18:602(D) the governor has the authority to fill the vacancy for constable. While the qualifications of the individual for the appointment by the governor are not stated, we find they must be the same as those required under R.S. 18:602(A) when the appointment is made by the governing authority that it be a person "who meets the qualifications of the office." R.S. 13:2583 sets forth that the individual be of good moral character and possess such other qualifications as are provided by law.
This office has concluded a convicted felon is allowed to seek election for public office if he is not under an order of imprisonment and if he meet all qualifications for that office at the time he qualifies. Atty. Gen. Op. No. 93-278. We feel this would also apply to appointments, and the prior conviction does not automatically disqualify the individual from the appointment.
With regard to the qualification of "a good moral character, the courts have recognized that the determination of "good moral character" is an ascertainable standard and a term that is widely accepted and understood. In Emery v. City of New Orleans, 473 So.2d 877 (La.App. 1985) the court deferred to the municipality's broad discretion in determining whether the applicant met the standard. In State v. La. State Board of Medical Examiners, 115 So.2d 833, 238 La. 502 (1959) the Louisiana Supreme Court noted the term may be defined in many different ways but found no great difficulty is encountered as to the true meaning. It was found the term could be broadly defined to include the elements of simple honesty, fairness, respect for rights of others and for the laws of the State and Nation but further stated the standard of qualification must have a rational connection with the applicant's fitness and capacity to practice his profession.
Therefore, we find it questionable if a felon can qualify for the qualification of having a "good moral character", but the prior conviction does not conclusively disqualify the individual. All facts of the prior conviction and elements of character and lifestyle must be considered by the appointing authority to determine is the qualifications for the position are met.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR