Dear Senator Cain:
Your opinion request of recent date asks whether the sale of beer six percent (6%) or less alcohol by volume is permissible in Ward One of Calcasieu Parish. Our response is in the affirmative, for the following reasons.
Factually, you relate that in 1950 a local option election was held in Ward One pursuant to the authority granted by Act 372 of 1948. The following propositions were submitted, with the resulting votes:
PROPOSITION I
 1. Shall the sale of beer containing more than three and two-tenths per centrum (3.2%) alcohol by weight, and not more than six per centrum (6%) alcohol by volume be permitted in Ward 1 of Calcasieu Parish?
Yes 90 No 325
PROPOSITION II
 2. Shall the sale of alcoholic beverages for consumption on the premises be permitted in Ward 1 of Calcasieu Parish?
Yes 75 No 340
PROPOSITION III
 3. Shall the sale of alcoholic beverages by the package only and not for consumption on the premises be permitted in Ward 1 of Calcasieu Parish?
Yes 90 No 326
As noted above, all propositions failed. However, at the time these propositions failed, the law provided that local option elections could not be utilized to "exclude the sale of beer containing more than one-half (1/2) of one percent (1%) of alcohol by volume and not more than three and two-tenths percent (3.2%) of alcohol by weight". Section 5 of Act 372, 1948 Regular Legislative Session. Although the results of the election foreclosed the possibility of the sale of alcohol in excess of (3.2%) alcohol by weight, and not more than six per centrum (6%) alcohol by volume, the sale of three and two-tenths percent (3.2%) beer was still permissible, given the legislative prohibition against the regulation of 3.2 beer by local governing bodies in effect in 1950.
By Act 663 of the 1980 Regular Legislative Session, the legislature repealed the prohibition against the regulation of 3.2 beer by local governing bodies. In so doing, the legislature "obviously intended to open the door to local political subdivisions to regulate and/or prohibit beverages containing under 3.2 percent alcohol". Rapides MerchantsAssociation v. Rapides Parish, 421 So.2d 955, at page 958, (La.App. 3rd Cir. 1982); writ den., 426 So.2d 174
(La. 1983).
Further, by virtue of Act 585 of the 1989 Regular Legislative Session, LSA-R.S. 26:281(I) was enacted, providing:
 I. Notwithstanding the provisions of this Section or any other law to the contrary, the sale of six percent alcohol by volume shall be allowed in any political subdivision which has approved the sale of three and two-tenths percent alcohol by weight until such time as prohibited by a referendum vote of the qualified electors within that political subdivision.
In reliance upon LSA-R.S. 26:281(I), the Calcasieu Parish Police Jury recently authorized the sale of six percent (6%) alcohol per volume in Ward One. These circumstances raise the following issues, which we separately address.
 1. Could the Police Jury, by ordinance, permit the sale of 6% or less beer in Ward One, in accordance with Act 585 of 1989, since 3.2% alcohol by weight was not prohibited?
Pertinent to our discussion is the case of State v.Sissons, 292 So.2d 523 (La. 1974), in which the Court addressed the validity of an ordinance adopted pursuant to a local option election. The court set forth the following test:
 "The power to regulate traffic in alcoholic beverages is vested in the State and the legislature may delegate such power to political subdivisions of the State. (Citations omitted). However, by so delegating the State does not surrender its power and the legislature can at any time alter or recall the delegated power. (Citations omitted). Generally, a police regulation of a subdivision of the State enacted pursuant to authority delegated by the State cannot exceed the grant of authority and must fall when it conflicts with State law." Sissons, supra, at pages 525 and 526.
As we interpret the current law on alcohol sales, represented by Act 585 of 1989, a locality may prohibit the sale of beverages containing between 3.2% and 6% alcohol only when the locality has voted by local option to prohibit 3.2% beverages prior to 1989 or prohibits 6% or less alcoholic beverages in a local option election after that date. LSA-R.S. 26:281(I). The Calcasieu Parish Police Jury followed a legitimate interpretation of the 1989 law by allowing the sales, because the 1950 election did "approve" 3.2% beverages, if only tacitly.
 2. Was it the legislative intent of Act 585 of the 1989 Regular Legislative Session to pre-empt local ordinances by permitting the sale of beer of less than 6% alcohol per volume in every area where 3.2% beer per weight had not been prohibited by local option?
The preamble of Act 585 provides:
 To amend and re-enact LSA-R.S. 26:71(A) and to enact LSA-R.S. 26:71(C), LSA-R.S. 26:272(G) and LSA-R.S. 26:281(I), relative to permits for the sale of alcoholic beverages, to authorize the grant of a Class A license to a restaurant after the approval of a proposition of a local option election, to authorize the sale of alcohol not to exceed 6% alcohol by volume in areas that have previously voted to approve the sale of 3 and 2/10% alcohol by weight and to provide for related matters. (Emphasis added).
When doubt exists as to proper interpretation of a statute, the title or preamble may be used to determine legislative intent.Green v. Louisiana Underwriter's Ins. Co.,571 So.2d 610 (La. 1990).
The preamble draws a distinction between localities which have voted to permit the sale of 3.2% beer and those which have not. However, the text of LSA-R.S. 26:281(I) uses the word "approved" instead of "previously voted" in describing the legality of the sale of 3.2% beverages.
In the opinion of this office, the citizens of Ward One have "approved" the sale of 3.2% beverages by previously votingto prohibit beverages containing alcohol in excess ofthat amount. We further note that the Police Jury in 1969 adopted on ordinance permitting the sale of 3.2 beer in Section 4-9(C) of the Calcasieu Parish Code, providing:
 (c) Nothing in this section shall be deemed as intended to prohibit the sale of beer which contains more than one-half of one (1) percent of alcohol by volume and not more than three and two-tenths (3.2) percent of alcohol by weight in such Ward No. 1.
A city ordinance, like a state statute, is presumed to be constitutional and the party who attacks it has the burden of establishing by clear and cogent evidence that the ordinance is unconstitutional. West Central LouisianaEntertainment, Inc., vs. City of Leesville, 594 So.2d 973
(La.App. 3rd Cir. 1992). The ordinance remains valid until such time as it is judicially overturned. Because Section 4-9(C) evidences the citizenry's approval of the sale of 3.2 beer, LSA-R.S. 26:281(I) is applicable, and the sale of 6% alcoholic beverages is permissible.
 3. Does the 1950 Proposition effectively prohibit the sale of beer that is less than 6% alcohol by volume, but more than 3.2% alcohol by weight or can it be more than 3.2% alcohol by weight as long as it is less than 6% alcohol by volume?
The ordinance passed pursuant to the 1950 local option election only has effect to the extent that it conforms with state law. See Sissons, supra. State law now provides that the old approved "3.2% jurisdictions" are "6% jurisdictions", and the old ordinance must fall to the extent that it violates existing state law.
 4. Do alcoholic beverages licensees have any legal right to sell beer of 6% alcohol by volume, under state law, since no election has been called prohibiting the sale as authorized by both state and local laws?
Again, our answer is yes. Under the authority of LSA-R.S.26:281(I), state law now allows the sale of 6% beer in those localities which have approved (in our opinion, by local option election, or by tacit approval by failure to prohibit) the sale of 3.2% beer "until such time as prohibited by a referendum vote of the qualified electors within that political subdivision". It remains a viable option for the electorate of Ward One to prohibit such sales in the future.
Finally, legal counsel for the Commission of Alcoholic Beverage Control, a subdivision of the Department of Public Safety and Corrections, advises that our conclusions herein are in conformity with the interpretation of LSA-R.S. 26:281(I) given by that office. Since the time of its enactment, counsel advises that the Commission has converted 3.2% permits to 6% permits, in those localities which have not prohibited the sale of 3.2% beer by local option election.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
cc: Ms. Gernine Mailhes Assistant District Attorney 14th Judicial District
Honorable James David Cain Senator P.O. Box 427 Dry Creek, Louisiana 70637
Date received:
Date released: January 27, 1995
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL